**In re Jimmy Joe FULKS, Debtor.**

**No. 9:03–bk–08684–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Dec. 9, 2005.

Robert S. Cohen, Cohen & Kendziorra, P.A., Ft. Myers, FL, for Debtor.

### ORDER ON TRUSTEE'S MOTION FOR ORDER VACATING SALE TO DEBTOR AND FOR AUTHORITY TO SELL CERTAIN ASSETS

#### (Doc. No. 130)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is the Trustee's Motion for Order Vacating Sale to Debtor and for Authority to Sell Certain Assets (the "Motion"). The assets involved in this sale are U.S. Patent Nos. 6,032,606 and 6,161,496 (the "Patents"), which were sold by the Trustee to the Debtor for $1,000. In support of the Motion the Trustee contends that she has newly discovered evidence to establish fraud, misrepresentation by the Debtor, and mistake made ostensibly by the Trustee. Specifically, the Trustee alleges that she learned recently that the Debtor failed to disclose known pre-petition claims for "unquestionable" past infringement of the Patents which were sold by the Trustee to the Debtor. The Trustee also learned recently that the Debtor failed to disclose the valuation of the Patents made by the Debtor and his CPA, which valuation indicated that the Patents were worth hundreds and maybe thousands of dollars per boat.

The Debtor filed Debtor's Response to Trustee's Motion for Order Vacating Sale to Debtor and Objection to Trustee's Proposed Sale of Assets (the "Response"). In his Response, the Debtor contends that there is no legal or factual basis to set aside the sale and that the only fraud, misrepresentation, or newly discovered evidence was the result solely of the mistakes of the Trustee in drafting the Motion and the failure of the Trustee to review the record in this case. It is further the contention of the Debtor that the Debtor fully informed the Trustee under oath in the Summer of 2003, at the beginning of the administration of this Chapter 7 case, of the very patent infringement claim which the Trustee alleges the Debtor concealed.

The Trustee attached the following exhibits to the Motion:

(1) A copy of the Debtor's Schedules, for this Court to take Judicial Notice of, Exhibit A;

(2) A copy of the Petition to Make Special under 37 C.F.R. 1.102(d) filed in the United States Patient and Trademark Office, Exhibit B;

(3) A copy of a letter sent to Mariah Boats, Inc. Engineering, Manufacturing, Sales & Purchasing employees regarding the marking of patent 6,032,606 on new boats with the "integrated floor and stringer system and associated method of manufacturing,", Exhibit C;

(4) A copy of the October 21, 2005 Deposition of the Debtor in a suit pending in the United States District Court for the Eastern District of Texas Marshall Division, filed by the Debtor against Marinemax TX, L.P., Sea Ray Boats, Inc., Baja Marine Corporation, Chaparral Boats, Inc., Campion Marine Inc., and Brunswick Corporation, Exhibit D;

(5) A partial transcript of testimony of the Debtor given at the Meeting of the Creditors scheduled in the Debtor's Chapter 7 case and held June 11, 2003, Exhibit E.

In opposition of the Trustee's Motion the Debtor in his response attached the following exhibits:

(1) A letter, dated October 8, 2003, by council for the Debtor to the Trustee, Exhibit A;

(2) Copies of several e-mail communications by an individual identified as Tim Teter to the Trustee, dated October 19, 21 and 22, 2005 and November 4, 2005, Exhibit B;

(3) The Trustee's Work In Process Report dated November 9, 2005, Exhibit C;

(4) A complete transcript of the Debtor's Testimony at the 341 Meeting of Creditors held on June 11, 2003, Exhibit D;

(5) A transcript of the Debtor's Testimony at the continuation of the 341 Meeting of Creditors held on June 25, 2003, Exhibit E;

(6) Unidentified unsigned handwritten note, Exhibit F;

(7) A letter from John Fowler to the Trustee dated July 2, 2003, Exhibit G;

(8) A letter from the Trustee to John Fowler dated August 6, 2003, Exhibit H;

(9) A letter from the Trustee addressed to council for the Debtor, dated October 3, 2003, Exhibit I;

(10) Transcript of the deposition of the Debtor in the lawsuit pending in the United States District Court for the Eastern District of Texas Marshall Division, filed by the Debtor against Marinemax TX, L.P., Sea Ray Boats, Inc., Baja Marine Corporation, Chaparral Boats, Inc., Campion Marine Inc., and Brunswick Corporation filed by the Debtor on October 21, 2005, Exhibit J;

(11) A letter from council of the Debtor to the Trustee dated December 2, 2003, Exhibit K;

(12) A letter from council of the Debtor to the Trustee dated December 11, 2003, Exhibit L;

(13) The Trustees Report and Notice of Intention to Sell Property of the Estate at Private Sale, Exhibit M;

(14) A letter from the Trustee to council of the Debtor dated January 21, 2004, Exhibit N;

(15) A letter to the Trustee by the Debtor dated January 28, 2004, Exhibit O;

(16) A Bill of Sale executed by the Trustee as seller to the Debtor for patent numbers 6,032,606 and 6,161,496 dated February 3, 2004, Exhibit P;

(17) A certification of the Trustee's final report dated May 18, 2005, Exhibit Q.

It should be evident from the foregoing that the issues raised by the Motion and in the Response to the Motion under consideration are largely raised by the documentation attached as exhibits to the Motion and to the Response filed by the Debtor, none of which have been properly authenticated or offered and admitted into evidence. It should follow from the foregoing that it would be inappropriate for this Court to resolve the issues raised by the parties until proper foundation has been presented for the admissibility of these documents. For the reasons stated above it is appropriate to schedule this matter for pretrial conference to be held before the undersigned to resolve the issues to be tried if necessary and to determine the admissibility of the documents attached to the Motion and to the Response for this Court's determination.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that a pretrial conference shall be held on January _____, 2006 beginning at _____.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, to consider

the admissibility of the documentation attached as exhibits to the Trustee's Motion for Order Vacating Sale to Debtor and for Authority to Sell Certain Assets and to the Response filed by the Debtor.

DONE AND ORDERED.